# 15-2240-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

▶▶◀◀

NICHOLAS L. O'GRADY,

*Plaintiff-Appellant,*

v.

BLUECREST CAPITAL MANAGEMENT LLP,

*Defendant-Appellee.*

―――――――――

*On Appeal from the United States District Court
for the Southern District of New York (New York City)*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

Eric R. Stern
SACK & SACK, LLP
*Attorneys for Plaintiff-Appellant*
110 East 59th Street, 19th Floor
New York, New York 10022
212-702-9000

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ...................................................................................................I

**TABLE OF AUTHORITIES** ............................................................................................ II

**PRELIMINARY STATEMENT** .................................................................................. 1

**ARGUMENT** ....................................................................................................................... 2

**I. BLUECREST FAILS TO ACCEPT THE ALLEGATIONS OF THE COMPLAINT AS TRUE OBVIATING ANY VALIDITY TO THEIR LEGAL ARGUMENTS** ................................................................. 2

**II. BLUECREST'S RECITATION OF THE DISTRICT COURT'S MISPLACED DECISION FAILS TO REFUTE THE EXTABLISHMENT OF O'GRADY'S CONTRACT CLAIM** .................................................................................. 3

**A. O'GRADY STATES A PLAUSIBLE CLAIM UNDER THE 18% BONUS PLAN** ........................................................................................................ 3

**B. O'GRADY STATES A PLAUSIBLE CLAIM FOR SEVERANCE PAY** ........................................................................................................... 5

**CONCLUSION** ................................................................................................................... 6

I

# **TABLE OF AUTHORITIES**

**CASES :**

Culver v. Merrill Lynch & Co., Inc., 64 USLW 2116 (S.D.N.Y. July 17, 1995) 3, 4
Locke v. Tom James Co., 11 CIV. 2961 GBD, 2013 WL 1340841, at *5 (S.D.N.Y. Mar. 25, 2013) reconsideration denied, 11 CIV. 2961 GBD, 2014 WL 572574 (S.D.N.Y. Feb. 11, 2014) 5
Smith v. Railworks Corp., 10 CIV. 3980 NRB, 2011 WL 2016293, at *3-4 (S.D.N.Y. May 17, 2011) 4
Truelove v. Northeast Capital & Advisory, Inc., 95 N. Y.2d 220, 223–24 (N.Y., 2000) 5

## **PRELIMINARY STATEMENT**

Plaintiff-Appellant, Nicholas O'Grady, by his attorneys Sack & Sack LLP, hereby respectfully submits this reply brief in further support of his appeal from an Order of the United States District Court for the Southern District of New York (Hon. Sydney Stein) granting Defendant-Appellee BlueCrest Capital Management, LLP's ("*BlueCrest*" or "*Defendant-Appellee*") motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6).

BlueCrest's opposition brief is not an opposition at all. Rather than address the arguments furthered by O'Grady in his support brief as to the specific flaws within the District Court's decision, BlueCrest's brief merely regurgitates the same arguments it put forth in support of its 12(b)(6) motion, upon which the Court's flawed decision is based in the first place.

For the reasons set forth herein and in his original support brief, Plaintiff-Appellant requests that this Court overturn the District Court's order dismissing the Complaint under Federal Rules of Civil Procedure 12(b)(6).

# **ARGUMENT**

## I. BLUECREST FAILS TO ACCEPT THE ALLEGATIONS OF THE COMPLAINT AS TRUE OBVIATING ANY VALIDITY TO THEIR LEGAL ARGUMENTS

BlueCrest's entire position and supporting legal precedent are based wholly upon their re-written version of both the Employment Agreement and the facts alleged in the Complaint; rendering their application of the law useless for this Court.

For example, on page 5 of its brief, BlueCrest states, "Prior to executing the Employment Agreement, BlueCrest provided O'Grady with an example of a potential bonus structure entitled, "Equities Compensation Model – Illustrative Guidelines." This sentence asserts two incorrect and unsupported facts by BlueCrest that are not at all alleged in the complaint, but, which are made of whole cloth only to further its inapplicable legal principles.

First, the statement completely ignores the allegations that the bonus plan was given to O'Grady when he entered into the Employment Agreement; not "prior to".

Second, O'Grady clearly and appropriately alleges in the Complaint that immediately following the execution of the contract, BlueCrest exercised its discretion by establishing a bonus program for O'Grady by providing him with the Equities Compensation Model. The Complaint does not allege, as BlueCrest

writes, that the Equities Compensation Model was "a potential bonus structure." These edits, among others, in contradiction to the allegations of the Complaint (which are supposed to be accepted as true) topple the house of card upon which BlueCrest's arguments rest.

As for BlueCrest' substantive legal arguments even though the principles of law cited by BlueCrest are "well-settled", they do not apply to the facts alleged in this case, and thus must fail.

## II. BLUECREST'S RECITATION OF THE DISTRICT COURT'S MISPLACED DECISION FAILS TO REFUTE THE EXTABLISHMENT OF O'GRADY'S CONTRACT CLAIM

### a. O'Grady States a Plausible Claim Under the 18% Bonus Plan

Though BlueCrest cites Namad v. Salomon and similar cases for the proposition that an employee cannot recover for an employer's failure to pay a bonus under a plan that provides the employer with absolute discretion in deciding whether to pay the bonus, nothing in the language of ¶ 3 of the Employment Agreement makes it absolutely clear that BlueCrest was to have complete discretion over O'Grady's bonus once a bonus plan was established. See, Culver v. Merrill Lynch & Co., Inc., 64 USLW 2116 (S.D.N.Y. July 17, 1995).

Especially since O'Grady contends that his incentive compensation was to be nondiscretionary. Id.

Surprisingly, BlueCrest does not even attempt to (i) demonstrate that the provision (i.e., ¶ 3 of the Employment Agreement) is unambiguous or (ii) reconcile O'Grady's contention that the sentences within ¶ 3 are contradictory, or (iii) explain the competing language of these consecutive sentences.

Thus, in light of the ambiguity of the bonus provision discussed in O'Grady's support brief, and ignored in BlueCrest's opposition brief, this Court cannot conclude for purposes of this Rule 12(b)(6) motion that O'Grady fails to state a breach of contract claim.  See, Smith v. Railworks Corp., 10 CIV. 3980 NRB, 2011 WL 2016293, at *3-4 (S.D.N.Y. May 17, 2011); see, also, Culver v. Merrill Lynch & Co., Inc., 64 USLW 2116 (S.D.N.Y. July 17, 1995).

Similar to its previous argument, BlueCrest's contention that Mr. O'Grady is not eligible to receive a bonus because he was not employed on the date it was paid completely ignores O'Grady's contention that the 18% incentive compensation is non-discretionary and not forfeitable under Truelove v. Northeast Capital & Advisory, Inc., 95 N. Y.2d 220, 223–24 (N.Y., 2000) (holding that payments from a bonus compensation plan that neither predicated payments upon the employee's own productivity, nor provided the employee with contractual rights to bonus payments based on his productivity, did not qualify as wages).

Here, the Complaint alleges that the bonus plan provided for O'Grady to be paid based solely upon his personal performance.  While BlueCrest could have

changed this plan, even after it already had paid O'Grady a 2013 bonus, it did not. Thus, O'Grady is entitled to the incentive compensation as a wage. See, Locke v. Tom James Co., 11 CIV. 2961 GBD, 2013 WL 1340841, at *5 (S.D.N.Y. Mar. 25, 2013) reconsideration denied, 11 CIV. 2961 GBD, 2014 WL 572574 (S.D.N.Y. Feb. 11, 2014).

### b. O'Grady States a Plausible Claim For Severance Pay

Similar to the breach of contact claim for incentive compensation, BlueCrest fails to address O'Grady's issues with the District Court's flawed argument concerning severance.

Notwithstanding, the condition precedent arguments furthered in O'Grady's support brief, O'Grady does not even need to get to that stage since BlueCrest does not even agree he was terminated without cause. BlueCrest's arguments of O'Grady's failure to sign a release as a condition precedent to receiving severance cannot be made because they do not even concede he was terminated without cause getting to the point of the condition precedent. O'Grady, on the other hand, alleges he was terminated without cause in contravention to what occurred. Thus, O'Grady does not even need to allege he would satisfy the condition precedent until he could obtain declaratory establishment that his termination was without cause, which was plausibly alleged in the Complaint.

## **CONCLUSION**

For the reasons set forth herein and in O'Grady's support brief, this Court should overturn the District Court's dismissal of the Complaint pursuant to Federal Rule Civil Procedure 12(b)(6).

Dated: New York, New York
December 18, 2015

Respectfully submitted,

**SACK & SACK, LLP**

By: */s/ Eric Stern*
Eric Stern, Esq.
110 East 59th Street, 19th Floor
New York, New York 10022-2050
(212) 702-9000
Attorneys for Plaintiff-Appellant